# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | |
|---|---|
| JASON LOWE, individually and on behalf of all others similarly situated, | DOCKET NO. 7:21-cv-00166 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| ENDEAVOR ENERGY RESOURCES, LP, | |
| Defendant. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Plaintiff Jason Lowe (Lowe) brings this lawsuit to recover unpaid overtime wages and other damages from Endeavor Energy Resources, LP. (Endeavor) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Lowe and the other workers like him regularly worked for Endeavor in excess of forty (40) hours each week. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

3.      Instead of paying overtime as required by the FLSA, Endeavor improperly classified Lowe and those similarly situated workers as independent contractors and paid them a daily rate with no overtime compensation. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to the claim occurred in this District and Division.

6.      Lowe worked for Endeavor throughout Midland County.

7.      Additionally, venue is proper because Endeavor's Corporate Headquarters is located in Midland, Texas.

**PARTIES**

8.      From approximately August 2019 to April 2020, Lowe worked for Endeavor as a Safety Consultant.

9.      Throughout his employment with Endeavor, he was paid a day-rate with no overtime compensation and was misclassified as an independent contractor.

10.     His consent to be a party plaintiff is attached as Exhibit A.

11.     Lowe brings this action on behalf of himself and other similarly situated workers who were classified as independent contractors and paid by Endeavor's day-rate system.

12.     Endeavor paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

13.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All Safety Consultants who worked for, or on behalf of, Endeavor Energy Resources, LP who were paid a day-rate with no overtime during the past 3 years.** (the "Putative Class Members")

14.     Lowe seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

15.     Defendant Endeavor Energy Resources, LP may be served through its registered agent: Michael A. Short, 110 N. Marienfeld, Legal Dept., Midland, Texas 79701.

## COVERAGE UNDER THE FLSA

16.     Endeavor has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     Endeavor has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     Endeavor has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

19.     Lowe and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

20.     As will be shown through this litigation, Endeavor treated Lowe and the Putative Class Members as employees and uniformly dictated the pay practices to which Lowe and the Putative Class Members were subjected.

21.     Endeavor's misclassification of Lowe and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

## FACTS

22.     Endeavor claims to have the second largest land position in the Midland Basin.[1] Endeavor claims to have over 1,300 employees working in the Midland area. *Id.*

---

[1] https://www.endeavorenergylp.com

23.     In order to create the goods, and provide the services, it markets to its customers, Endeavor hires oilfield personnel like Lowe and the Putative Class Members.

24.     These oilfield workers carry out the hands-on, day-to-day production work of Endeavor.

25.     Endeavor paid Lowe and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

26.     For example, Lowe worked for Endeavor from approximately April 2019 until April 2020 as a Safety Consultant.

27.     As a Safety Consultant, Lowe traveled between the jobsites in the field. Lowe and the Putative Class Members' primary duties consisted of ensuring Endeavor's workers followed company safety procedures along with DOT and OSHA regulations.

28.     The labor Lowe performed was an essential and integral part of Endeavor's core business.

29.     While he was classified as an independent contractor, Endeavor exercised control over all aspects of his job.

30.     Endeavor did not require any substantial investment by Lowe or the Putative Class Members for them to perform the work that was required.

31.     Endeavor determined Lowe and the Putative Class Members opportunity for profit and loss.

32.     Lowe and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other employees in their respective position) to perform their job duties.

33.     Endeavor and its clients controlled all the significant or meaningful aspects of the job duties performed by Lowe and the Putative Class Members.

34.     Endeavor and its clients determined the hours and locations Lowe and the Putative Class Members worked.

35.     Even though Lowe and the Putative Class Members often worked away from Endeavor's offices without the presence of a direct supervisor employed by Endeavor, Endeavor still controlled all aspects of Lowe and the Putative Class Members job activities by enforcing mandatory compliance with Endeavor's policies and procedures.

36.     Endeavor made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Lowe and the Putative Class Members worked.

37.     Lowe and the Putative Class Members were economically dependent on Endeavor during their employment.

38.     Endeavor set Lowe and the Putative Class Members work schedules, pay and prohibited them from working other jobs for other companies while they were working on jobs for Endeavor.

39.     Endeavor directly determined Lowe and the Putative Class Members opportunity for profit and loss.

40.     Lowe and the Putative Class Members earning opportunities were based on the number of days Endeavor scheduled them to work.

41.     Moreover, the job functions of Lowe and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

42.     Lowe and the Putative Class Members were not employed by Endeavor on a project-by-project basis.

43.     In fact, while Lowe and the Putative Class Members were classified as independent contractors, they were regularly on call for Endeavor and/or its clients and were expected to drop everything and work whenever needed.

44.     Lowe and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

45.     Lowe and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

46.     Endeavor's policy of failing to pay overtime to workers misclassified as independent contractors, including Lowe and the Putative Class Members, violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

47.     Because Lowe and the Putative Class Members were misclassified as independent contractors by Endeavor, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## FLSA VIOLATIONS

48.     As set forth herein, Endeavor has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

49.     Endeavor knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Lowe and the Putative Class Members overtime compensation. Endeavor's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

50.     Accordingly, Lowe and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

51.     The illegal pay practices Endeavor imposed on Lowe were likewise imposed on the Putative Class Members.

52.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

53.     Numerous other individuals who worked with Lowe were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

54.     Based on his experiences and tenure with Endeavor, Lowe is aware that Endeavor's illegal practices were imposed on other Putative Class Members.

55.     The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

56.     Endeavor's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

57.     Lowe's experiences are therefore typical of the experiences of the Putative Class Members.

58.     The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

59.     Lowe has no interest contrary to, or in conflict with, the Putative Class Members.

60.     Like each Putative Class Member, Lowe has an interest in obtaining the unpaid overtime wages owed under federal law.

61.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62.     Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Endeavor will reap the unjust benefits of violating the FLSA and applicable state labor law.

63.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Endeavor, it would be unduly burdensome to the judicial system.

64.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

65.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.     Whether Endeavor employed the members of the Class within the meaning of the applicable federal statutes, including the FLSA;

b.     Whether the Putative Class Members were improperly misclassified as independent contractors;

c.     Whether Endeavor's decision to classify the members of the Class as independent contractors was made in good faith;

d.     Whether Endeavor's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

e.     Whether Endeavor's violation of the FLSA was willful; and

f.     Whether Endeavor's illegal pay practices were applied to the Putative Class Members.

66.     Lowe and the Putative Class Members sustained damages arising out of Endeavor's illegal and uniform employment policy.

67.     Lowe knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

68.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

69.     Lowe demands a trial by jury.

## RELIEF SOUGHT

70.     WHEREFORE, Lowe prays for judgment against Endeavor as follows:

    a.    An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    For an Order appointing Lowe and his counsel to represent the interests of the FLSA Collective;

    c.    For an Order finding Endeavor liable to Lowe and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    d.    For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    Texas Bar No. 24014780
    Andrew W. Dunlap
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    AND

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**